IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANGELA TIPTON,

      **Plaintiff**

      v.

CAMBRIDGE MANAGEMENT
SERVICES, INC., Florida Profit
Corporation

      **Defendant.**
_____/

CASE NO.

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, ANGELA TIPTON (hereinafter referred as "Plaintiff"), files this Complaint against CAMBRIDGE MANAGEMENT SERVICES, INC. (hereinafter referred as "Cambridge" or "Defendant"), pursuant to the Families First Coronavirus Response Act ("FFCRA") and Emergency Paid Sick Leave Act ("EPSLA") and in support of states as follows:

## INTRODUCTION

1. This is a disability discrimination and retaliation case brought by Plaintiff, pursuant to the Families First Coronavirus Response Act ("FFCRA") and the Emergency Paid Sick Leave Act ("EPSLA"), 29 U.S.C. §216-217 *et seq.* and seeks damages, including back pay, liquidated damages, compensatory and punitive damages, front pay, declaratory and injunctive

relief, as well as her attorneys' fees and costs.

2. Congress enacted the FFCRA, in part, to safeguard employees impacted by the COVID-19 pandemic ("COVID-19").

3. Among the FFCRA's protections is the EPSLA.

4. The EPSLA mandates covered employers to provide up to two (2) weeks of paid sick leave and job protection for employees who, among other things, are (a) subject to a governmental quarantine or isolation order related to COVID-19 or (b) advised by a health care provider to quarantine or self-isolate due to concerns related to COVID-19.

5. Additionally, 29 C.F.R. § 826.150 prohibits employers from discharging, disciplining, or discriminating against ant employee because employee took paid sick leave under the EPSLA.

6. Likewise, an Employer is prohibited from discharging, disciplining, or discriminating against any Employee because such Employee has filed any complaint or instituted or caused to be instituted any proceeding, including an enforcement proceeding, under or related to the EPSLA, or has testified or is about to testify in any such proceeding.

## JURISDICTION

7. The acts and omissions giving rise to this action occurred in Orange County, Florida.

8. Plaintiff was employed by Defendant in Orlando, Florida.

9. Defendant manages multi-family properties in the Orlando area.

10. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this action involves federal questions regarding the Plaintiff's rights under the Families First Coronavirus Response Act ("FFCRA") and Emergency Paid Sick Leave Act ("EPSLA"), which are enforced through sections 15(a)(3), 16 and 17 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216-217. *See* 29 C.F.R. § 826.150.

## VENUE

11. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claims occurred within this District.

## PARTIES

12. Plaintiff was an employee of Defendant from approximately October 2019 until April 23, 2020.

13. Defendant was responsible for compensating Plaintiff in exchange for the work and hours worked by Plaintiff.

14. At all times relevant, Defendant was subject to the FFCRA.

15. Among the FFCRA's protections is the EPSLA

16. At all times relevant, Defendant was an "employer" as defined by 29 U.S.C. § 2611(4).

17. At all times relevant, Plaintiff was an "eligible employee" as

defined by 29 U.S.C. § 2611(2)(A).

18. As of the date of her termination, Plaintiff had been employed by Defendants for at least thirty (30) days.

19. As of the date of her termination, Defendant has a combined total of fifty (50) or more employees.

## FACTUAL ALLEGATIONS

20. Plaintiff was hired as a Property Manager on or about October 2019.

21. On or about March 27, 2020, Plaintiff became ill and started to exhibit symptoms consistent with Covid-19 per the Center for Disease Control's (CDC) guidelines.

22. On March 30, 2020, Plaintiff was tested by county health officials in Leesburg, FL for the virus.

23. As a result, and per the CDC guidelines, Plaintiff was instructed to self-quarantine for 14 days.

24. Notwithstanding, Defendant instructed Plaintiff to return to work or she would be terminated.

25. When Plaintiff asked to be paid for her time off while on medical leave due to Covid-19, Defendant threatened not to pay her for this time off but ultimately decided to pay her.

26. Shortly after returning to work, Plaintiff was harassed and retaliated against by management.

27. Plaintiff was terminated on or about April 23, 2020, less than two weeks after returning to work, for allegedly violating her lease agreement by housing an unauthorized person in her apartment.

28. We know this is pretext as Plaintiff has provided Defendant with documents showing that this person was indeed added to her lease in January of 2020 and authorized to be in her apartment.

29. Despite these restrictions, Plaintiff could perform the essential functions of her job duties.

30. Plaintiff notified her supervisors about her medical conditions.

31. Defendant was made aware of her medical conditions was provided with doctor's notes by Plaintiff.

32. Defendant failed to advise Plaintiff as to her rights under FFCRA.

33. At the time of her termination Plaintiff was qualified for her position.

34. At the time of her termination Plaintiff was able to perform the essential functions of her job.

35. During her employment with Defendant, Plaintiff worked for a covered employer as defined by the FFCRA.

36. At all relevant times, Plaintiff was eligible for EPSLA.

37. Prior to her termination, Plaintiff provided notice to Defendant of her need for EPSLA.

38. Plaintiff's notice for her need for EPSLA was timely.

39. Defendant's actions violate the provisions of 29 U.S.C §2615(a).

40. Defendant's actions violate the provisions of 29 U.S.C §2614(a).

41. Defendant's actions constitute retaliation in violation of Plaintiff's rights under the EPSLA.

42. Defendant's actions constitute discrimination in violation of Plaintiff's rights under EPSLA.

43. Defendant interfered with Plaintiff's rights under FFCRA and EPSLA.

44. Defendant retaliated against Plaintiff in violation of her rights under FFCRA and EPSLA.

## **COUNT I - VIOLATIONS OF THE FFCRA/EPSLA**

45. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 44 above as if fully set forth herein.

46. The EPSLA requires employers to provide up to two weeks of paid sick leave and job protection for employees who, among other things, are (a) subject to a governmental quarantine or isolation order related to COVID-19 or (b) advised by a health care provider to quarantine or self-isolate due to concerns related to COVID-19.

47. These paid leave provisions apply to leave taken between April 1, 2020, and December 31, 2020.

48. Paid sick time under the EPSLA must be granted in addition to any pre-existing paid leave benefits provided.

49. Plaintiff was entitled to up to two weeks (or 80 hours) of paid sick leave pursuant to the EPSLA because she was advised by a health care provider to self-isolate (and was required to do so by governmental order) due to her COVID-19 exposure.

50. Plaintiff was also entitled to job protection.

51. Defendant terminated Plaintiff while out on leave.

52. This is a direct violation of EPSLA's requirements.

53. Defendant's violation of the EPSLA's requirements was willful

54. As a direct and proximate result of Defendant's violation of the EPSLA, Plaintiff has been damaged.

WHEREFORE, Plaintiff respectfully requests entry of:

a) Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any practice which violates the FFCRA or EPSLA;

b) Order Defendant to make Plaintiff whole, by compensating Plaintiff for unpaid sick leave wages, lost wages and benefits,

7

including front pay, back pay with prejudgment interest, liquidated damages, and other remuneration for physical and mental pain, anguish, pain and humiliation from being terminated due to the loss of her long-term employment as a result of Plaintiff's exposure and taking of sick leave;

c) Award attorney's fees and costs pursuant to FFCRA and EPSLA;

d) Award punitive damages; and

e) Award any other relief this Honorable Court deems just and proper.

## COUNT II - RETALIATION UNDER THE FFCRA/EPSLA

55. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 44 above as if fully set forth herein.

56. The EPSLA prohibits employers from discharging or otherwise discriminating against any employee because the employee took qualifying paid sick leave.

57. Plaintiff took qualifying sick leave due to COVID-19.

58. Plaintiff's sick leave due to COVID-19 was protected activity.

59. Despite the EPSLA's requirements, Defendant unlawfully terminated Plaintiff after she took leave as a result of her COVID-19 exposure.

60. An Employer who discharges, disciplines, or discriminates

against an Employee in the manner described in subsection 29 CFR § 826.150 (a) is considered to have violated section 15(a)(3) of the FLSA, 29 U.S.C. 215(a)(3), and shall be subject to the enforcement provisions relevant to such violations set forth in sections 16 and 17 of the FLSA, 29 U.S.C. 216, 217.

61. Defendant violated Plaintiff's right under the EPSLA and FLSA.

62. Plaintiff's termination was an adverse employment action.

63. A causal connection exists between Plaintiff's protected activity and adverse employment action.

64. As a direct and proximate result of Defendant's retaliation, Plaintiff suffered damages.

WHEREFORE, Plaintiff respectfully requests that the Court:

a) Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any practice which violates the FFCRA or EPSLA;

b) Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages and benefits, including front pay, back pay with prejudgment interest, liquidated damages, and other remuneration for physical and mental pain, anguish, pain and humiliation from being terminated due to the loss of her long-term employment as a result of Plaintiff's diagnosis and taking of

      sick leave;

c)    Award attorney's fees and costs pursuant to FFCRA and EPSLA;

d)    Award punitive damages; and

e)    Award any other relief this Honorable Court deems just and proper.

## JURY TRIAL

Plaintiff hereby requests a trial by jury with respect to all claims so triable.

DATED this 21st day of April, 2021.

                Respectfully submitted,

                **s/ Bruce A. Mount**
                Anthony Hall, Esq.
                FL Bar No.: 40924
                Bruce A. Mount, Esq.
                FL Bar No.: 88754
                THE LEACH FIRM, P.A.
                631 S. Orlando Avenue, Suite 300
                Winter Park, Florida 32789
                Telephone: (407) 574-4999
                Facsimile: (833) 523-5864
                Email: ahall@theleachfirm.com
                Email: bmount@theleachfirm.com
                Email: yhernandez@theleachfirm.com

                *Attorneys for Plaintiff*